UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALMA MARTINEZ CRUZ,<br><br>    Petitioner,<br><br>  v.<br><br>TODD LYONS et al.,<br><br>    Respondents. | Case No. 5:25-cv-02879-MCS-MBK<br><br>**ORDER GRANTING PRELIMINARY INJUNCTION** |

  Petitioner Alma Martinez Cruz brings this action for a writ of habeas corpus. (Pet., ECF No. 1.) Petitioner filed an ex parte application for a temporary restraining order and for issuance of an order to show cause why a preliminary injunction should not issue. (Appl., ECF No. 2-1.) The Court granted a temporary restraining order requiring Respondents to release Petitioner from detention forthwith and enjoining Respondents from re-detaining Petitioner without providing her a pre-detention hearing before a neutral immigration judge. (Order 11, ECF No. 12.) The Court further ordered the parties to show cause why a preliminary injunction should not issue. (*Id.* at 12.) The parties filed briefs in support of their respective positions, (Pet.'s Br., ECF No. 18; Resps.' Br., ECF No. 17), and the Court heard oral argument on November 24, 2025, (Mins., ECF No. 19).

## I. BACKGROUND

The Court incorporates by reference the Court's summary of the petition and materials supporting Petitioner's application for a temporary restraining order. (Order 2–3.) In short, Petitioner is a Mexican citizen who has been living in the Los Angeles community since 2012, when she was granted parole in an immigration proceeding. Upon appearing for a credible fear interview with United States Citizenship and Immigration Services ("USCIS") on September 17, 2025, United States Immigration and Customs Enforcement ("ICE") officers arrested Petitioner and detained her at the Adelanto Detention Center.

The parties offer the following new information with their briefing on the order to show cause.[1] A deportation officer represents that ICE took Petitioner into custody in September "after it was determined that [USCIS] could not conduct a credible fear review since her case was pending before the immigration court." (Pompa Decl. ¶ 12, ECF No. 17-1.) Petitioner's immigration case is awaiting a new hearing date. (*Id.* ¶ 14.) Respondents released Petitioner from detention on November 5, the date the Court orally issued the temporary restraining order. (Martinez Cruz Decl. ¶ 15, ECF No. 18-1; Pet.'s Resp. Ex. A, ECF No. 18-1.) Petitioner's release is subject to restrictions that were not in place before her detention, including location monitoring, weekly reporting through a mobile application, and periodic in-person reporting. (Martinez Cruz Decl. ¶¶ 16–17; Pet.'s Resp. Ex. A; *id.* Exs. B–C, ECF No. 18-1.) Further, ICE has not returned Petitioner's driver's license. (Martinez Cruz Decl. ¶ 16.) Petitioner reported to ICE on November 12, and is due to report again on December 19. (Martinez Cruz Decl. ¶ 16; Pompa Decl. ¶ 15.)

///

---

[1] Again, Petitioner has not provided a declaration to authenticate the documentary exhibits to her brief. Fed. R. Evid. 901(a); C.D. Cal. R. 7-6; (*see* Order Setting Br. Schedule 1 n.1, ECF No. 5 (noting a similar deficiency)). The Court assumes Exhibits A–C are true and correct copies of what the index identifies them to be.

2

## II. LEGAL STANDARD

The standards governing temporary restraining orders and preliminary injunctions are essentially the same. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20. The Ninth Circuit also employs a "version of the sliding scale approach" where "a stronger showing of one element may offset a weaker showing of another." *All. for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Under this approach, an injunction may issue if the plaintiff shows that serious questions go to the merits, the balance of hardships tips sharply toward the plaintiff, the plaintiff is likely to suffer irreparable injury, and an injunction is in the public interest. *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021).

## III. DISCUSSION

The Court incorporates by reference the analysis of Petitioner's application for a temporary restraining order. (Order 3–10.) The Court maintains its conclusions that it has jurisdiction to adjudicate the petition as filed, that Petitioner is likely to succeed on the merits of her Fifth Amendment claim, that Petitioner has established irreparable harm, and that the balance of equities and the public interest favor Petitioner.

Respondents raise two new issues that might affect the Court's analysis, but neither changes the Court's disposition. First, Respondents submit additional facts concerning the sequence of events leading to Petitioner's September 17 detention: specifically, USCIS and ICE did not work in concert to unlawfully detain Petitioner, but ICE instead elected to detain her after USCIS discovered it lacked jurisdiction to conduct a credible fear interview. (Pompa Decl. ¶ 12; *see* Resps.' Br. 2–3.) While this

3

information persuades the Court to soften its observation that "the government lured Petitioner with official process regarding her asylum claim" to be detained unlawfully, the decision to detain her appears no less "outrageous." (Order 9.) Essentially, Respondents concede that ICE detained Petitioner without process as a result of USCIS's error in summoning her for an interview. The record leaves unanswered why Petitioner was effectively punished by one executive agency for the error of another executive agency. The Court accepts Petitioner's proffer that "Respondents have not provided any lawful basis for" the detention and have not "provided any evidence that Petitioner poses any risk of flight." (Pet.'s Br. 1.)[2] Accordingly, the Court determines Petitioner still is likely to succeed on the merits of her Fifth Amendment claim.

Second, Respondents argue that the case has become moot given the Court's temporary restraining order requiring Petitioner's release from detention. (Resps.' Br. 1–2.) The Court disagrees. Without deference to his conclusions, *see Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010) ("The magistrate's legal conclusions are reviewed de novo . . . ."), the Court instead agrees with Magistrate Judge Michael B. Kaufman's preliminary analysis that the release from detention the Court's temporary restraining order afforded "is just that—temporary," (Order Gr. Pet.'s Mot. for Leave 3, ECF No. 16). This Order and the Court's temporary restraining order do not adjudicate Petitioner's 28 U.S.C. § 2241 petition on the merits. Absent preliminary injunctive relief, Petitioner faces the prospect of re-detention without a pre-detention hearing during the pendency of this federal case, which may take months or years to resolve. A habeas petition is not moot where preliminary relief is not made permanent. *See Nielsen v. Preap*, 586 U.S. 392, 403 (2019) (plurality opinion) (rejecting suggestion of mootness where "release had been granted following a preliminary injunction," observing that "[u]nless that preliminary injunction was made permanent

---

[2] The Court invites Petitioner to lodge Respondents' responses to her interrogatories to the public docket.

4

and was not disturbed on appeal, these individuals faced the threat of re-arrest and mandatory detention"). Toward their mootness argument, counsel for Respondents noted at the hearing that Petitioner was not detained after she appeared for her November 12 check-in. Of course not: Respondents were subject to the temporary restraining order at that time. Respondents offer no indicia that Petitioner would not be subject to detention without a hearing while her petition is pending in this Court but for preliminary injunctive relief. The case has not been mooted by Petitioner's release. *See, e.g.*, *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 969 (N.D. Cal. 2019) ("[Petitioner] raises an as-applied constitutional due process challenge to the government's ability to re-detain him without a hearing. Accordingly, I have jurisdiction over his claim." (citation omitted)); *Martinez v. Wamsley*, No. 2:25-cv-01822-TMC, 2025 U.S. Dist. LEXIS 201309, at *8 (W.D. Wash. Oct. 10, 2025) ("[T]he temporary relief granted to the three Petitioners does not moot their underlying application for a writ of habeas corpus."); *Rodriguez v. Kaiser*, No. 1:25-cv-01111-KES-SAB (HC), 2025 U.S. Dist. LEXIS 199636, at *21 (E.D. Cal. Oct. 7, 2025) (entering preliminary injunction enjoining government from re-detaining petitioner without a pre-detention hearing after previously granting temporary restraining order); *Arzate v. Andrews*, No. 1:25-cv-00942-KES-SKO (HC), 2025 U.S. Dist. LEXIS 161136, at *25 (E.D. Cal. Aug. 19, 2025) (same).

Additionally, Petitioner appears to remain in custody for the purposes of § 2241. Custody "encompass[es] circumstances in which the state has imposed 'significant restraints on [a] petitioner's liberty.'" *Munoz v. Smith*, 17 F.4th 1237, 1241 (9th Cir. 2021) (second alteration in original) (quoting *Jones v. Cunningham*, 371 U.S. 236, 242 (1963)). Accordingly, habeas relief is available "to attack future confinement and obtain future releases." *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973). Thus, habeas relief remains available at least to prevent a further detention without a pre-detention hearing. Further, the imposition of additional constraints on Petitioner's liberty following her detention, including electronic monitoring, supports a conclusion that she remains in

custody. *See Hogarth v. Santacruz*, No. 5:25-cv-09472-SPG-MAR, 2025 U.S. Dist. LEXIS 228009, at *35–36 (C.D. Cal. Oct. 23, 2025) (determining conditions of release that included electronic monitoring and "multiple check-ins with ICE every month" were "sufficient to demonstrate that [the petitioner] is in custody").

For these reasons, the Court enters a preliminary injunction consistent with the temporary restraining order.

In her brief, Petitioner requests additional relief in the form of an order that she "remain[] free from the new restrictions imposed on her liberty" and "that her driver's license be returned." (Pet.'s Br. 1.) The petition predates Petitioner's release and contains no facts or legal theories relating to these post-release restrictions. The Court's grant of injunctive relief in this Order and the temporary restraining order rests on its evaluation of Petitioner's likelihood of success on her claim that she is entitled to a pre-detention hearing, not her likelihood of success on an unpleaded claim that she is entitled to certain post-detention process or freedom from constraint. Granting the newly requested relief would be inappropriate. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."). Further, the Court prudentially declines to grant relief that exceeds what was requested in the original application for a temporary restraining order, let alone what Respondents had an opportunity to brief. *See United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." (internal quotation marks omitted)); *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) ("A [reply] is not the proper pleading to raise additional grounds for relief."). Nothing prevents Petitioner from amending her petition to state a cognizable habeas claim for which the relief she requests might be available to vindicate, or from seeking such relief in proceedings before an appropriate executive agency.

## IV. CONCLUSION

The Court issues a preliminary injunction as follows:

Respondents and all of their officers, agents, servants, employees, attorneys, and persons acting on their behalf, in concert, or in participation with them are enjoined from re-detaining Petitioner without providing her a pre-detention hearing before a neutral immigration judge.

Pursuant to General Order No. 05-07, further proceedings on the merits of the petition are referred to Magistrate Judge Kaufman.

**IT IS SO ORDERED.**

Dated: December 1, 2025

*/s/ Mark C. Scarsi*
MARK C. SCARSI
UNITED STATES DISTRICT JUDGE
